UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL PERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:20 CV 843 CDP |
| | ) | |
| ST. FRANCOIS COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Through counsel, plaintiff Michael Perry brings this action under 42 U.S.C. § 1983 alleging that Dr. Charles Pewitt and others were deliberately indifferent to his serious medical needs when he was a pretrial detainee at St. Francois County Jail in Farmington, Missouri.  For the reasons that follow, I will grant Pewitt's motion to dismiss for failure to state a claim but will deny his motion for Rule 11 sanctions.

### Background

Perry, an insulin-dependent diabetic, was arrested and taken to the St. Francois County Jail where he was detained for twenty-four hours.[1]  Perry had a broken leg at the time of his arrest and during his subsequent stay at the jail.  Perry

---

[1] Perry asserts in his complaint that he was arrested on March 16, 2020, but later contends that he was jailed during the weekend of May 16, 2020.  (ECF 3 at ¶¶ 16, 33.)

told his jailers that he had a broken leg and could not walk, and he showed them his excessively swollen and bruised leg.  Despite this injury, Perry was not seen by the jail nurse or by Pewitt, the primary care physician for the jail.  Nor did the jailers contact Pewitt about Perry's condition or take Perry to the hospital. Moreover, during Perry's detention, the jailers gave Perry inaccurate and improperly administered doses of insulin after they consulted with and received instruction from the jail nurse.  Perry avers that the nurse works on site eight hours a day from Monday to Friday, but that she did not examine him regarding his diabetic condition.  Nor did the jailers contact Pewitt about Perry's diabetic condition.

In Count I of his complaint, Perry claims that Pewitt and the jail nurse, as well as the St. Francois County sheriff and jail employees, were deliberately indifferent to his serious medical needs by failing and refusing to provide adequate medical treatment for his diabetic condition and broken leg.  In Count 2, Perry claims that Pewitt and St. Francois County acted pursuant to custom and policy in their failure to train jail employees and adequately staff the jail on weekends and evenings to provide detainees access to medical care.

Defendant Pewitt moves to dismiss Perry's claims against him under Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim.

**Legal Standard**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint.  Fed. R. Civ. P. 12(b)(6).  When reviewing a Rule 12(b)(6) motion, I assume the factual allegations of the complaint as true and construe them in plaintiff's favor.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  I am not bound, however, to accept as true a legal conclusion couched as a factual allegation.  *Id.* at 555.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief "that is plausible on its face." *Iqbal,* 556 U.S. at 678.  The factual allegations must be sufficient to "'raise a right to relief above the speculative level.'"  *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555).  More than labels and conclusions are required.  *Twombly*, 550 U.S. at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

**Discussion**

Perry brings Count 1 against the individual defendants in their individual

capacities, claiming that they were deliberately indifferent to his serious medical needs by refusing and failing to provide adequate medical treatment for Perry's diabetic condition and broken leg.  Because Perry admits in his complaint that Pewitt did not participate in Perry's care nor was he aware of Perry's medical conditions, I will grant Pewitt's motion to dismiss this Count for failure to state a claim against him.  Proving deliberate indifference requires a showing that a "medical provider knew of and disregarded a serious medical need."  *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 795 (8th Cir. 2006).  *See also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff).

I will also dismiss Perry's Count-2 claim that Pewitt's "custom and practice" of failing to train jail employees and adequately staff the jail deprives detainees, including Perry, of access to adequate medical care.  Although Perry asserts that Pewitt is the primary care physician at the St. Francois County Jail, he does not allege that Pewitt is an employee of St. Francois County or has authority as a private doctor to establish policy at this government-run facility.  Taking the complaint's factual allegations as true, those alleged of depriving Perry of medical care – the jailers and the nurse – are employees of St. Francois County and work under the direction and control of the County and other County employees, not

4

Pewitt.  Supervisory liability under § 1983 cannot be imposed on one who does not have supervisory authority over the alleged violator.  "[A] supervisor who does not directly participate in an employee's constitutional violation can only be liable for the violation when it was caused by the supervisor's failure to train or supervise his or her employees properly."  *Livers v. Schenck*, 700 F.3d 340, 357 (8th Cir. 2012).  Because the complaint does not claim that Pewit had any authority over the County employees who allegedly deprived Perry of his constitutional rights, Perry's claim of supervisory liability against Pewitt fails.  I will therefore grant Pewitt's motion to dismiss in its entirety.

Pewitt also moves for sanctions under Rule 11, Federal Rules of Civil Procedure, arguing that Perry's claims against him lack factual support and a legal basis.  Pewitt contends that a pre-suit inquiry would have disclosed this circumstance and thus that sanctions are warranted.

Rule 11 permits the Court to impose sanctions "when an attorney did not make a reasonable inquiry into the facts and law before filing a pleading, paper, or motion[.]"  *Premium Fin. Specialists, Inc. v. Greater New York Mut. Ins. Co.*, 136 F.R.D. 175, 176 (W.D. Mo. 1991) (citing *O'Connell v. Champion Int'l Corp.,* 812 F.2d 393, 395 (8th Cir.1987)).  "[I]t is within the district court's judgmental duties to determine whether a violation of the rule has occurred, and to what degree."  *Id.*  Rule 11 requires me to determine "whether the attorney has abused the judicial

5

process, and, if so, what sanction would be appropriate." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990).  Given that the imposition of sanctions is a "serious matter," I approach this determination "with circumspection." *O'Connell*, 812 F.2d at 395.

Here, I agree that the facts alleged in Perry's complaint cannot support his Count-1 claim of deliberate indifference against Pewitt with regard to the specific care or lack of care given to Perry's leg and diabetic conditions.  And I also agree that with the facts alleged, there is no legal basis upon which Perry can succeed on his Count-2 claim of supervisory liability against Pewitt under § 1983.  I do not find, however, that in pursing these claims against Pewitt, Perry's counsel abused the judicial process to such a degree that sanctions are warranted, especially given that the claims against the other defendants appear to be based on sound legal principles and on factual allegations that, if true, may be considered somewhat egregious.  While counsel may have been a little overzealous and misguided in bringing these claims against Pewitt, I cannot say that she "abused the process" in doing so.   I will therefore deny Pewitt's motion for Rule 11 sanctions.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Dr. Charles Pewitt's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim [7] is **GRANTED**, and plaintiff Michael Perry's claims against defendant Dr. Charles Pewitt are

**DISMISSED**.

      **IT IS FURTHER ORDERED** that defendant Dr. Charles Pewitt's Motion

for Sanctions [9] is **DENIED**.


                                          _____

                                          CATHERINE D. PERRY

                                          UNITED STATES DISTRICT JUDGE


Dated this 13th day of November, 2020.